UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| GALTERE, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>HARVEST CAPITAL ASSET MANAGEMENT, LLC (ILLINOIS), HARVEST CAPITAL ASSET MANAGEMENT, LLC (IOWA), and SCOTT OAKES,<br><br>      Defendants. | Civil No.<br><br>**COMPLAINT** |

Plaintiff Galtere, Inc. ("Galtere"), for its complaint against Defendants Harvest Capital Asset Management, LLC ("Harvest Capital") and Scott Oakes ("Oakes"), states:

## NATURE OF ACTION

1. This action arises out of the breach of an agreement under which Galtere loaned Harvest Capital in excess of $800,000 from December 2007 through December 2008 to be repaid when a farm located in Brazil managed by Harvest Capital began making money and before any distributions were made to the members and before any Management Fees were taken by Harvest Capital. The farm began making money at least as early as 2019. However, Harvest Capital did not repay the loan but instead, in 2020, began taking Management Fees and making distributions in breach of the parties' agreement.

## PARTIES

2. Plaintiff Galtere, Inc., formerly known as Galtera NA Inc., ("Galtere") is an U.S. Virgin Islands corporation with its principal place of business in a state other than Iowa and Illinois.

3. Defendants Harvest Capital Asset Management, LLC, are a limited liability company organized and formed under the laws of the state of Illinois with its principal place of business in Iowa, ("Harvest Capital One"), Exhibit A attached hereto and incorporated herein; and organized and formed under the laws of the state of Iowa with its principal place of business in Iowa ("Harvest Capital Two"), Exhibit B, attached hereto and incorporated herein. The business address for both Harvest Capital One and Two is 12119 Stratford Drive, Suite B, Clive, Iowa 50325. Upon information and belief, the members of Harvest Capital One and Harvest Capital Two are citizens of the state of Iowa.

4. Defendant Scott Oakes is a citizen of Iowa.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332(a), as the action is between citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in the Southern District of Iowa under 28 U.S.C. § 1391(b) as Defendants reside in this District.

## FACTUAL ALLEGATIONS

7. Galtere was founded in 1997 by Renee Haugerud, a commodity trading veteran of over 30 years, to serve its clients' investment needs by levering the firm's commodity expertise to provide a more concentrated real-asset portfolio.

8. In 2007, Harvest Capital One approached Galtere with regard to an investment in Two Rivers Farms, LLC, a Delaware limited liability company formed to invest in Fazenda Dois Rios, Ltda., a limited liability company organized under the laws of Brazil to purchase, develop, and operate a farm in Brazil.

9. A Galtere affiliate ultimately invested in Two Rivers Farms, LLC, the Brazilian

farm.

10.     Harvest Capital One lacked the funds to initially pay its salaries and expenses to operate and improve the value of the farm.

11.     Galtere agreed to loan Harvest Capital One funds to pay those salaries and expenses until the farm became profitable.

12.     Harvest Capital One agreed to repay the Loan when the farm began making money and before Harvest Capital One took any Management Fees for its management of the farm or made any distributions to owners.

13.     On or about March 25, 2008, Galtere and Harvest Capital executed a written contract entitled "Transaction Summary," a copy of which is attached as Exhibit C and by this reference incorporated as part of this Complaint.

14.     The parties agreed, in part,

> Galtere will fund an agreed upon monthly budget for the Fund, this funding will be recovered, based on agreed upon schedule, when the Fund begins to generate fees Once the Fund is generating fees.  [A]ll budgetary expenditures (salary, expenses, etc.) will be paid prior to distributions to owners.

(Exhibit C).

15.     Galtere loaned Harvest Capital One $802,400.08 to pay salaries and expenses in connection with its operation of the farm (the "Loan").

16.     The farm began making money at least as early as 2019.

17.     However, Harvest Capital One did not repay the Loan or any part of it but instead, began taking Management Fees in 2020.

18.     In addition to paying Management Fees, Harvest Capital One also began making distributions in 2020 to owners or other individuals or entities to whom Harvest Capital had borrowed money.

19. In August 2020 Harvest Capital Two was organized and formed in Iowa. The current members of Harvest Capital Two are on information and belief the current members of Harvest Capital One. The business address for both corporations is the same, 12119 Stratford Drive, Suite B, Clive, Iowa 50325. On information and belief Harvest Capital Two is the alter ego and successor corporation to Harvest Capital One.

## COUNT I
## BREACH OF WRITTEN CONTRACT

20. Galtere incorporates paragraphs 1 – 19 of this Complaint as if set forth fully herein.

21. Galtere and Harvest Capital One entered into a written contract under which Galtere loaned Harvest Capital One $802,400.08 to be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One or distributions were made to owners.

22. Harvest Capital One breached the contract in 2020 by failing to repay the Loan before taking Management Fees and making other distributions.

23. Galtere has been damaged by Harvest Capital One's breach of contract.

## COUNT II
## BREACH OF ORAL CONTRACT

24. Galtere incorporates paragraphs 1 – 19 of this Complaint as if set forth fully herein.

25. Galtere and Harvest Capital One entered into an oral contract under which Galtere loaned Harvest Capital One $802,400.08 to be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One or distributions were made to owners.

26. Harvest Capital One breached the oral contract in 2020 by failing to repay the Loan before taking Management Fees and making other distributions.

27. Galtere has been damaged by Harvest Capital One's breach of contract.

## COUNT III
## PROMISSORY ESTOPPEL

28. Galtere incorporates paragraphs 1 – 19 of this Complaint as if set forth fully herein.

29. Galtere and Harvest Capital One entered into a clear and definite agreement under which Galtere loaned Harvest Capital One $802,400.08 to be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One or distributions were made to owners.

30. Harvest Capital One understood that Galtere loaned the funds to Harvest Capital One in reliance on Harvest Capital One's assurance that the funds would be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One or distributions were made to owners.

31. Harvest Capital One understood that Galtere would not have loaned it the funds without Harvest Capital One's assurance that the funds would be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One or distributions were made to owners.

32. Galtere acted to its substantial detriment in reasonable reliance on Harvest Capital One's assurances that the funds would be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One and distributions were made to owners.

33. Injustice can be avoided only by the enforcement of Harvest Capital One's promise.

## COUNT IV
## UNJUST ENRICHMENT

34. Galtere incorporates paragraphs 1 – 19 of this Complaint as if set forth fully herein.

35. Harvest Capital was enriched by the receipt of the funds from Galtere to pay salaries and expenses associated with its management of the farm.

36. Harvest Capital's enrichment was at the expense of Galtere.

37. It is unjust to allow Harvest Capital to retain the benefit of the receipt of the funds.

## COUNT V
## FRAUDULENT MISREPRESENTATION

38. Galtere incorporates paragraphs 1 – 19 of this Complaint as if set forth fully herein.

39. Oakes is a member of and the manager of Harvest Capital One and Harvest Capital Two.

40. In 2007, Oakes made representations to Galtere that funds loaned to Harvest Capital One would be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One and distributions were made to owners.

41. Oakes' representations were false.

42. Oakes' representations were material as Galtere would not have loaned the funds to Harvest Capital One without Oakes' representations and assurances that the funds would be repaid when the farm began making money and before any Management Fees were taken by Harvest Capital One and distributions were made to owners.

43. Oakes knew at the time the representations were made that they were false.

44. Oakes intended to deceive Galtere by making the representations.

45. Galtere relied on the representations by Oakes to its detriment.

46. Galtere has been damaged by Oakes' representations.

WHEREFORE, Plaintiff Galtere, Inc. respectfully prays that judgment be entered in its favor and against Defendants Harvest Capital Asset Management, LLC (both One and Two) and

Scott Oakes, jointly and severally, in an amount that will fully and fairly compensate it for the damages it has sustained together with interest and costs, including attorney fees.

Date: June 12, 2023

/s/ Michael W. Thrall, AT0007975
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA  50309-3899
Telephone:  515-283-3100
Facsimile:  515-283-8045
Email: mwt@nyemaster.com

Wilmer Parker, III (*pro hac vice* forthcoming)
Georgia Bar No. 563550
MALOY JENKINS PARKER
1360 Peachtree Street, NE
Suite 910
Atlanta, Georgia 30309
Telephone: 404 875-2700
Facsimile; 404-875-8757
Email: parker@mjplawyers.com

ATTORNEYS FOR PLAINTIFF